Jessie Lundberg
LUNDBERG LAW OFFICE PLLC
415 N. Higgins Avenue
Missoula, MT 59802
Telephone: (406) 531-0630
jessie@lundberglawyer.com
Montana State Bar No. 9641
*Attorney for Plaintiff,*
*TIA SHOPE*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| TIA SHOPE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. |
| CAPITAL LINK MANAGEMENT, LLC and MOUNTAIN RUN SOLUTIONS, LLC, | ) |
| Defendants. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, TIA SHOPE ("Plaintiff"), through her attorney, LUNDBERG LAW OFFICE PLLC, alleges the following against Defendants, CAPITAL LINK MANAGEMENT, LLC ("CLM") and MOUNTAIN RUN SOLUTIONS, LLC ("MRS") (collectively "Defendants"):

## INTRODUCTION

1. Counts I and II of Plaintiff's Complaint are based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Counts III and IV of Plaintiff's Complaint are based on the Montana Consumer Protection Act, Montana Code Annotated §§ 30-14-101 et seq. ("MCPA")

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k.

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

6. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in Helena, Lewis and Clark County, Montana.

8. Plaintiff is a consumer as that term is defined by the FDCPA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

10. Defendants are debt collectors as that term is defined by the FDCPA.

11. Within the last year, Defendants attempted to collect a consumer debt from Plaintiff.

12. CLM is a debt collection agency headquartered in Amherst, Erie County, New York.

13. MRS is a debt buyer based in Orem, Utah County, Utah.

14. Defendants are business entities engaged in the collection of debt within the State of Montana.

15. Plaintiff alleges that at all times relevant herein Defendants conducted business in the State of Montana and in the County of Lewis and Clark, and within this judicial district.

16. Defendants' business includes, but is not limited to, collecting on unpaid, outstanding account balances.

17. When an unpaid, outstanding account is placed with Defendants it is assigned an account number.

18. The principal purpose of Defendants' business is the collection of debts allegedly owed to third parties.

19. Defendants regularly collects, or attempts to collect, debts allegedly owed to

third parties.

20. During the course of its attempts to collect debts allegedly owed to third parties, Defendants sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

21. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

22. Defendants are attempting to collect a consumer debt from Plaintiff.

23. The alleged debt owed arises from transactions for personal, family, and household purposes.

24. At all times relevant hereto, MRS owned the alleged debt.

25. At all times relevant hereto, CLM was engaged by MRS to collect the alleged debt from Plaintiff on MRS' behalf.

26. In or around September 2020, CLM began placing calls to and sending text messages to Plaintiff on her telephone at xxx-xxx-6868, in an attempt to collect the alleged debt.

27. On or about September 10, 2020 at 9:29 a.m., CLM sent the following text

message to Plaintiff's telephone:

   a. "Tia Shope, There is a balance of $2,582.60 reporting on negatively on your credit report as Mountain Run Solutions. My Client is willing to remove the negative mark for Interest free payments of $143.46 or settle the debt for a one time payment of $1,807.82. This communication is from a Debt Collector, this is an attempt to collect a debt. For more information, or to have your number removed please call 1-833-928-2719."

28. On or about September 11, 2020, CLM left the following voicemail message on Plaintiff's telephone:

   a. "Hi, this is Amber. I am attempting to locate Tia Shope. If you can provide location information for Tia Shope, please call 855-399-3354. Thank you."

29. On or about September 15, 2020 at 3:15 p.m., CLM sent the following text message to Plaintiff's telephone:

   a. "Tia Shope, This communication is from a Debt Collector, this is an attempt to collect a debt. The $2,582.60 for Vivint is willing to settle your account for $777.78. Please call 1 833 760 1014."

30. The telephone numbers 833-928-2719 and 833-760-1014, belong to CLM.

31. In the aforementioned voicemail message and text messages, CLM did not disclose that the communication is from Capital Link Management.

32. In the aforementioned voicemail message, CLM did not disclose that the communication is from a debt collector and that the communication is an attempt to collect a debt.

33. CLM is or should be familiar with the FDCPA.

34. CLM knows or should know the FDCPA requires a debt collector to disclose its identity when communicating with a consumer.

35. CLM knows or should know the FDCPA requires a debt collector to disclose that the communication is from a debt collector and that the communication is an attempt to collect a debt when communicating with a consumer.

36. On or about September 11, 2020, Plaintiff spoke with one of CLM's representatives.

37. During the conversation, CLM's collector demanded immediate payment over the phone.

38. On or about September 11, 2020 at 10:46 a.m., CLM sent an e-mail to Plaintiff from david@capitallinkmanagement.com.

39. The e-mail address david@capitallinkmanagement.com belongs to Defendant.

40. In the e-mail CLM sent to Plaintiff:

    a. CLM deceptively represented an offer to settle the alleged debt at a reduced cost;

    b. CLM deceptively represented that its offer provides Plaintiff with an opportunity for substantial savings; and

    c. CLM deceptively represented that its offer provides Plaintiff with an opportunity to resolve the alleged debt at a greatly reduced cost.

41. At all times relevant, CLM attempted to collect a debt in excess of the amount owed by Plaintiff.

42. At all times relevant, CLM attempted to collect a debt in excess of the amount reported to Plaintiff's credit report.

43. To date, Plaintiff has not received Plaintiff a written notice of the alleged debt containing the information in § 1692(g)(1)-(5).

44. Plaintiff does not owe the alleged debt Defendants seek to collect.

## COUNT I
## CLM VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

45. Plaintiff repeats and re-alleges paragraphs one (1) through forty-four (44) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

46. CLM violated the FDCPA based on, but not limited to, the following:

   a. CLM violated § 1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity, when CLM left voicemail messages for and sent text messages to Plaintiff and did not disclose the communication is from Capital Link Management;

   b. CLM violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when CLM engaged in engaged in, at least, the following discrete violations of § 1692e;

   c. CLM violated § 1692e(10) of the FDCPA by using any false

representation or deceptive means to collect or attempt to collect any debt, when CLM sent an e-mail to Plaintiff and deceptively represented an offer to settle the alleged debt when Plaintiff disputed owing the alleged debt, when CLM sent an e-mail to Plaintiff and falsely represented its offer was an opportunity for substantial savings and to resolve the alleged debt at a greatly reduced cost when Plaintiff disputed owing the alleged debt and when CLM attempted to collect an alleged debt in excess of the amount owed by Plaintiff;

d. CLM violated § 1692e(11) of the FDCPA by communicating with a consumer without disclosing that the communication is from a debt collector, that the debt collector is attempting to collect a debt and that any information will be used for that purpose, when CLM left a voicemail message for Plaintiff and did not disclose that the communication is from a debt collector and that the communication is an attempt to collect a debt;

e. CLM violated § 1692g(a) of the FDCPA by failing to send a written notice containing the information in § 1692(g)(1)-(5);

f. CLM violated § 1692g(b) of the FDCPA by engaging in collection activities and communication during the time period prescribed in § 1692g(a) and (b) that overshadowed or was inconsistent with the

      disclosure of the consumer's right to dispute the debt, when CLM's collector demanded immediate payment from Plaintiff; and

  g. CLM violated § 1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt, when CLM engaged in the foregoing conduct.

WHEREFORE, Plaintiff, TIA SHOPE, respectfully requests judgment be entered against Defendant, CAPITAL LINK MANAGEMENT, LLC, for the following:

47. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

48. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

49. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## MRS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

50. Plaintiff repeats and re-alleges paragraphs one (1) through forty-four (44) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

51. As alleged above, MRS is a debt collector as defined by the FDCPA.

52. MRS engaged the services of fellow debt collector CLM to collect the alleged debt from Plaintiff.

53. MRS has the burden to monitor the activities of CLM.

54. CLM violated the FDCPA.

55. MRS is vicariously liable for the unlawful collection activities carried out by CLM on its behalf.

WHEREFORE, Plaintiff, TIA SHOPE, respectfully requests judgment be entered against Defendant, MOUNTAIN RUN SOLUTIONS, LLC, for the following:

56. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

57. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

58. Any other relief that this Honorable Court deems appropriate.

## COUNT III
## CLM VIOLATED THE MONTANA CONSUMER PROTECTION ACT

32. Plaintiff repeats and re-alleges paragraphs one (1) through forty-four (44) of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

33. The MCPA prohibits unfair and/or deceptive acts or practices. Mont. Code Ann. § 30-14-103.

34. CLM violated the MCPA by using unfair and/or deceptive acts or practices, including:

   a. By failing to identify itself as Capital Link Management when

      communicating with Plaintiff in an attempt to collect an alleged debt;

    b. By using false representations or deceptive means to attempt to collect an alleged debt from Plaintiff;

    c. By communicating with Plaintiff without disclosing that the communication is from a debt collector; and

    d. By demanding immediate payment from Plaintiff.

35. Plaintiff has suffered and continues to suffer damages as a result of CLM's unfair and/or deceptive acts or practices and is entitled to monetary damages including actual and/or statutory damages, treble damages, costs, and attorney fees.

WHEREFORE, Plaintiff, TIA SHOPE, respectfully requests judgment be entered against Defendant, CAPITAL LINK MANAGEMENT, LLC, for the following:

36. For statutory damages provided and pursuant to Montana Code Annotated § 30-14-133;

37. For attorneys' fees, costs and disbursements; and

38. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## COUNT IV
## MRS VIOLATED THE MONTANA CONSUMER PROTECTION ACT

32. Plaintiff repeats and re-alleges paragraphs one (1) through forty-four (44) of Plaintiff's Complaint as the allegations in Count IV of Plaintiff's Complaint.

33. The MCPA prohibits unfair and/or deceptive acts or practices. Mont. Code Ann. § 30-14-103.

34. MRS engaged the services of fellow debt collector CLM to collect the alleged debt from Plaintiff.

35. MRS has the burden to monitor the activities of CLM.

36. CLM violated the MCPA.

37. MRS is vicariously liable for the unfair and/or deceptive acts or practices carried out by CLM on its behalf.

38. Plaintiff has suffered and continues to suffer damages as a result of Defendants unfair and/or deceptive acts or practices and is entitled to monetary damages including actual and/or statutory damages, treble damages, costs, and attorney fees.

WHEREFORE, Plaintiff, TIA SHOPE, respectfully requests judgment be entered against Defendant, MOUNTAIN RUN SOLUTIONS, LLC, for the following:

39. For statutory damages provided and pursuant to Montana Code Annotated § 30-14-133;

40. For attorneys' fees, costs and disbursements; and

41. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

RESPECTFULLY SUBMITTED,

DATED: October 27, 2020   By:   /s/ Jessie Lundberg
                                                           Jessie Lundberg
                                                           LUNDBERG LAW OFFICE PLLC
                                                           415 N. Higgins Ave.
                                                           Missoula, MT 59802
                                                           Telephone: (406) 531-0630
                                                           jessie@lundberglawyer.com